IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **HANOVER INSURANCE COMPANY A/S/O GLEN ROSE TRANSPORTATION MANAGEMENT, INC.**<br>440 LINCOLN STREET<br>WORCESTER, MA 01653<br>            Plaintiff<br><br>v.<br><br>**EXTREME COLD, LLC**<br>19901 SOUTHWEST FREEWAY<br>SUGARLAND, TX 77479<br>            Defendants | CIVIL ACTION<br><br>CASE NO:_____<br><br><br><br><br>COMPLAINT |

## COMPLAINT

Plaintiff, by and through its attorney, brings this Civil Action and by way of this Complaint against Defendant avers as follows:

### PARTIES

1. Plaintiff is an insurance company with a principal place of business at 440 LINCOLN STREET, WORCESTER, MA 01653.

2. Upon information and belief, Defendant is a Texas limited liability company with a principal place of business at 19901 SOUTHWEST FREEWAY, SUGARLAND, TX 77479

3. Upon information and belief, at all times relevant and material hereto, Defendant was a trucking company.

### JURISDICTION AND VENUE

4. This action is brought pursuant to the Carmack Amendment (49 U.S.C. §14706).

5. The amount in controversy exceeds $10,000.00.

6. Therefore, jurisdiction is vested with this Court under 28 U.S.C. § 1337.

7. This Court can exercise personal jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of Texas.

8.  Pursuant to 28 U.S.C. § 1391, venue is proper within this judicial District because a substantial part of the events giving rise to the claim occurred in this judicial District.

## GENERAL ALLEGATIONS

9.  Prior to August 28, 2018, Plaintiff issued a contingent motor truck cargo policy of insurance to Glen Rose Transportation Management, Inc. ("Glen Rose"), a freight broker located in Glen Rose, Somervell County, TX.

10. Prior to August 28, 2018, Glen Rose, in its capacity as a freight broker, hired Defendant, a trucking company, to transport a load of food products ("Cargo") from Jackson, MS to Houston, TX.

11. Upon information and belief, the transaction described in the immediately preceding paragraph took place in this judicial District.

12. The Cargo was picked up by Defendant and Defendant proceeded to deliver the Cargo, but the Cargo arrived in damaged condition because Defendant's refrigerated trailer did not maintain the temperature necessary for transporting the subject Cargo.

13. Upon information and belief, at all times relevant and material hereto, the Cargo was in Defendant's exclusive possession and control.

14. Upon information and belief, the Cargo was delivered to Defendant in good condition.

15. Because of the loss of the Cargo, Glen Rose and the owner of the Cargo suffered damage in excess of $53,556.60.

16. Plaintiff, pursuant to the terms of the insurance policy issued to Glen Rose, made payments to Glen Rose and/or the owner of the Cargo on account of said loss in the amount of $53,556.60.

17. By virtue of the aforesaid payments, pursuant to the aforesaid insurance policy, and by operation of law, Plaintiff is subrogated to the rights of Glen Rose with regard to said damage and incident.

**COUNT I - CLAIM PURSUANT TO CARMACK AMENDMENT (49 U.S.C. §14706)**

18. Plaintiff incorporates herein by reference all previous paragraphs in their entirety.

19. At all times relevant and material hereto, Defendant was engaged in the interstate commerce.

20. At all times relevant and material hereto, Defendant was a "carrier" within the meaning of the Carmack Amendment (49 U.S.C. §14706).

21. Therefore, pursuant to the Carmack Amendment (49 U.S.C. §14706), Defendant is liable for the damaged Cargo.

**WHEREFORE**, Plaintiff, as subrogee of Glen Rose, demands judgment in its favor and against Defendant in the amount of $53,556.60, together with interests, costs of suit, and any other relief this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED,**

Dated: 8/24/20

_____
Vlad Kushnir, Esq. (Bar # 90571)
**VB Kushnir, LLC**
5 Neshaminy Interplex, Suite 205
Trevose, PA 19053
Tel: 267-334-2303
Email: vk@vbklaw.com
*Counsel for Plaintiff*